**GONG SHENG JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, United States Department of Justice, Respondent.**

**No. 04–5589–ag.**

United States Court of Appeals, Second Circuit.

March 31, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

York, William C. Pericak and Thomas Capezza, Assistant United States Attorneys, Brenda Sannes, Senior Litigation Counsel, Syracuse, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Gong Sheng Jiang, through counsel, petitions for review of the BIA's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA fully adopts the IJ's decision, we review only the IJ's decision. *See, Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). An asylum applicant must prove "by clear and convincing evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 208(a)(2)(i). Additionally, "[n]o court shall have jurisdiction to review" the agency's determination of whether an application was timely filed. 8 U.S.C. § 1158(a)(2)(B). Accordingly, we lack jurisdiction to review the IJ's decision to deny Jiang's asylum application as untimely. *Xiao Ji Chen v. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir.2006). However, there is no such jurisdictional restriction on our ability to review the IJ's withholding of removal and CAT determinations.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Here, substantial evidence supports the IJ's well-reasoned adverse credibility determination.

The IJ based her credibility determination on the reasonable findings that (1) Jiang's testimony and asylum application were not consistent, where he testified that the police came to search for him at his home and his friend's father was arrested by the police for practicing Christianity, but omitted such allegations from his asylum application, (2) Jiang's testimony was internally inconsistent, where he claimed that the only province he hid in was Zhejiang Province, but later testified he hid in Jiangsu Province, (3) Jiang's testimony was inconsistent with his brother's testimony, where Jiang testified that he decided to leave China in August 1999 after the police ordered him to go to court, but his brother testified that Jiang told him in June 1999 that he couldn't stay in China anymore, and (4) Jiang lacked available corroborating evidence to support his inconsistent testimony, where he failed to provide recent documentary or testimonial evidence of his Christian faith, testimony from his brother who had previously been available, or a written statement from his parents detailing what happened to them after Jiang left China.

The IJ's adverse credibility determination was based on substantial evidence. Therefore, the IJ's denial of withholding of removal, which was based upon Jiang's incredible statements, was also reasonable. Additionally, Jiang's argument that the IJ erred by not mentioning country conditions when denying him CAT relief fails, as the reasons Jiang gave for fearing torture were found to be unbelievable. Accordingly, Jiang's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).